UNITED STATES v. MIYATA.

(First Division. Ketchikan. November 11, 1911.)

No. 257KB.

FISH (§ 13*)—PUBLIC WATERS—ALIENS.

The act of Congress entitled "An act to prohibit aliens from fishing in the waters of Alaska," approved June 14, 1906 (Act June 14, 1906, c. 3299, 34 Stat. 263 [U. S. Comp. St. Supp. 1911, p. 1225]), prohibits aliens from fishing in the waters of Alaska, but a proviso therein authorizes any one lawfully qualified to fish in such waters to employ "as laborers any aliens who can now be lawfully employed under the existing laws of the United States, either at stated wages or by piecework, or both, in connection with Alaskan fisheries, or with the canning, salting or otherwise preserving of fish." The defendant, a Japanese citizen, was so employed by the Alaska-Pacific Fisheries Company, a qualified employer. *Held*, the defendant was not disqualified as such employé, and his employment, "in connection with Alaskan fisheries," was not unlawful; discharged.

[Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 22–24; Dec. Dig. § 13.*]

A criminal information was filed against the defendant, and he was arrested for an alleged violation of the act of

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

Congress entitled "An act to prohibit aliens from fishing in the waters of Alaska," approved June 14, 1906 (34 Stat. 263).

John Rustgard, of Juneau, for the United States.
Ingersoll & Cosgrove, for defendant.

LYONS, District Judge (orally). In this matter the defendant is informed against for violation of the act which prohibits aliens from fishing in Alaskan waters. The defendant has, in response to the request to plead, offered a statement of facts admitting that he was fishing within the waters charged in the information; that he was not a citizen of the United States, and had not declared his intention to become such; that he was a resident within the United States and of the district of Alaska for ten years last past, and at the time complained of he was working and fishing for the Alaska-Pacific Fisheries Company for wages at the rate of $50 per month. The statement also alleges that the Alaska-Pacific Fisheries Company is qualified to fish in Alaska. The only question, then, is as to whether or not the act of June 14, 1906, providing that only certain classes of people shall be permitted to fish within Alaskan waters, prohibits the employment by a qualified fishing company or persons of aliens as laborers in fishing in Alaskan waters.

The proviso under which the defendant claims to be relieved of any criminal responsibility reads as follows:

"And provided further, that nothing contained in this act shall prevent any person, firm, corporation, or association lawfully entitled to fish in the waters of Alaska from employing as laborers any aliens who can now be lawfully employed under the existing laws of the United States, either at stated wages or by piecework, or both, in connection with Alaskan fisheries, or with the canning, salting or otherwise preserving of fish."

In order to determine the guilt or innocence of the defendant under the statement of facts submitted, it is only necessary to consider the words "in connection with Alaskan fisheries," and in that connection it will be helpful to determine what is meant by "fishery." Webster defines "fishery" as the act, process, or occupation of taking fish or other sea products.

"Fishery—a place for catching fish or catching other sea products." Another definition given by Webster is: "The right to take fish at a certain place, or in particular waters by drawing a seine or net, called a several fishery, when founded on ownership of underlying soil, and therefore exclusive; free fishery, when an exclusive privilege, derived from royalty or special grant, to fish in special waters, independent of soil"—and proceeds further to describe the various kinds of fisheries. Bouvier defines "fishery" as a place prepared for catching fish with nets and hooks. "This is commonly applied to the place of drawing a seine or net." And the author then defines the various kinds of fisheries (common fishery; free fishery; and several fishery); all dealing with the particular place where the fish are caught.

The Supreme Court of the United States and other federal courts have treated the word "fishery," without defining it, as the place where the fish are caught. Now it must be assumed that Congress used the word "fishery" as the law writers and other text writers have construed it. It must be assumed that Congress intended to give it the same meaning that it has in the law books; and, when the statute says "in connection with Alaskan fisheries," it seems to me there is no warrant for the position the government assumes in argument that it means a limitation of the right to employ labor in connection with the preservation of fish in some way, for the statute says also "in connection with the canning, salting or otherwise preserving of fish." Now the only way or method by which the clause "in connection with Alaskan fisheries" can be given its proper place within the statute is to hold that it refers to work or labor performed in connection with the fisheries. Any sort of labor, in connection with the taking of fish from the place that is defined as a fishery, in my judgment is excepted from the denunciation of the act, because I cannot construe the statute to have any other meaning than that aliens are allowed to fish as employés in connection with fisheries. If Congress wanted to further limit their connection with fishing, it might have said so. It has not. It says they may be employed "in connection with Alaskan fisheries." If my view is

correct, then this alien had a right to work as a laborer for some other qualified fisherman in taking fish from the waters of Alaska. If that is not a good policy, it is not for the court to say it; if it is advisable to keep foreign labor out of the waters of Alaska entirely, it is a matter that should be addressed to the legislative department and not the courts. The only thing the court can do is to read the statute and construe it as it is written. And the only way that I can make every clause of that section of the statute operative and effective is by holding that, under this statement of facts, this alien had the lawful right to work for his qualified employer in connection with Alaskan fisheries, and that his act in doing so was not in violation of the act of Congress.

An exception is allowed to this ruling.